UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CURTIS LEE DAVIS,

    Petitioner,

v.

SCOTT FISHER,

    Respondent.

Civil No. 10-4426 (PAM/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 2003, Petitioner was convicted in this District on one count of possession with intent to distribute 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). (Petition, p. 2, § (3).) United States v. Davis, Crim. No. 03-24 (JRT/FLN). On November 14, 2003, Petitioner was sentenced to 121 months in prison. On April 27, 2009, Petitioner's

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

sentence was reduced to 120 months, (ten years), which was, at that time, the mandatory minimum sentence for a defendant convicted of an offense involving 50 grams of crack cocaine. Petitioner is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner filed his current § 2241 habeas corpus petition on November 1, 2010. He contends that his sentence should be reduced pursuant to the 2010 Fair Sentencing Act, ("FSA"), which was signed into law on August 3, 2010. That argument must be rejected, for the reasons discussed below.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's

collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the 120-month prison sentence imposed in his federal criminal case. Petitioner claims that his current sentence should be vacated, and he should now be re-sentenced, because the sentencing law applicable to his offense was amended by the FSA. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court judge in his criminal case, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

Petitioner contends that the savings clause does indeed apply here, because § 2255 does not provide an adequate remedy for his current claim. He argues that his current claim could not be brought under § 2255, because he already filed a § 2255 motion before the FSA was enacted, and he is not eligible to file a second or successive § 2255 motion. (Petition, p. 4, § 14.)[2] It is also worth noting that Petitioner is now time-barred from seeking

---

[2] Petitioner might be eligible to file another § 2255 motion if his claim were based on a new rule of constitutional law that was retroactively applicable, (see 28 U.S.C. § 2255(h)(2)), but Petitioner's claim is based on a statutory change, not a new court ruling on a constitutional issue. Therefore, Petitioner's contention that he could not raise his

3

relief under § 2255.  See 28 U.S.C. § 2255(f) (establishing a one-year limitation period for § 2255 motions).

For present purposes, the Court will accept Petitioner's contention that § 2255 is not an adequate remedy for his current claim and he should therefore be allowed to present his claim in a § 2241 habeas corpus petition.  However, the current petition must nevertheless be summarily dismissed, because Petitioner's current claim for relief clearly fails on the merits.

Petitioner contends that his sentence should be reduced pursuant to the FSA.  As Petitioner correctly points out, the FSA "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum."  United States v. Gomes, No. 10-11225, ___ F.3d ___, (11th Cir. Oct. 1, 2010), 2010 WL 3810872 at *2.  Petitioner allegedly was convicted for an offense involving 50 grams of crack cocaine.  Therefore, if the FSA were retroactively applicable, so that Petitioner could be re-sentenced under the FSA, it appears that the mandatory minimum sentence for Petitioner's offense would now be five years, rather than ten years.

Not surprisingly, Petitioner vigorously argues that the FSA is indeed retroactively applicable to cases in which a sentence was imposed before the effective date of new law. (See Petitioner's "Motion Persuant [sic] to 28. 2241 asking the District Court to Apply the 2010 Fair Sentencing Act New 18 to 1 Ratio Retroactive," [Docket No. 3].)  That argument,

---

current claim in a new § 2255 motion appears to be correct.

however, is not sustainable.

As Petitioner has noted, the Sixth Circuit Court of Appeals was the first federal appellate court to consider whether the FSA is retroactively applicable. In <u>United States v. Carradine</u>, 621 F.3d 575 (6th Cir. 2010), the Court squarely held that the FSA is <u>not</u> retroactively applicable to cases in which a sentence was imposed before the FSA was signed into law on August 3, 2010. The Court pointed out that 1 U.S.C. § 109, (commonly referred to as "the general savings statute"), requires federal courts to apply the sentencing law in effect when a criminal offense was committed, unless the sentencing law is later amended, <u>and Congress has expressly declared that the amended statute should be applied retroactively</u>. Congress did <u>not</u> declare that the FSA should be applied retroactively. Therefore, the Sixth Circuit concluded in <u>Carradine</u> that the FSA cannot be applied retroactively. The Court explained that –

> "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question."

<u>Carradine</u>, 621 F.3d at ___, 2010 WL 3619799 at *5.

Petitioner contends that <u>Carradine</u> was wrongly decided, and should not be followed here. However, this Court has no choice but to follow <u>Carradine</u>, because the Eighth Circuit Court of Appeals has expressly adopted <u>Carradine</u>'s reasoning and conclusion regarding the retroactivity of the FSA. In two recent cases, the Eighth Circuit has agreed that, pursuant to 1 U.S.C. § 109, the FSA cannot be applied retroactively. <u>United States v. Brown</u>, No. 10-1791 (8th Cir. Oct. 12, 2010), (unpublished opinion), 2010 WL 3958760 at *1 (18 U.S.C. § 841 "has been amended to raise the threshold for imposition of a

5

120-month minimum prison sentence, see Fair Sentencing Act of 2010,... but the amendment was not made retroactive") (citing Carradine) (emphasis added); United States v. Brewer, No. 09-3909, ___ F.3d ___, ___, n. 7 (8th Cir. Oct. 21, 2010), 2010 WL 4117368 at *11, n. 7 ("the Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed") (citing Brown and Carradine). While this Court could, theoretically, decline to follow Carradine, (as urged by Petitioner), the Court must follow the Eighth Circuit's decisions in Brown and Brewer.[3]

Thus, the Court concludes that the FSA cannot be applied retroactively, which means that Petitioner's sentence cannot be modified based on the FSA. The Court must therefore recommend that Petitioner's current habeas corpus petition be denied on the merits, and that this action be dismissed with prejudice.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[3] It should be noted that Brown, Brewer, and Carradine are hardly anomalous. As far as the Court can tell, every federal appellate court that has considered the retroactivity issue has concluded that the FSA is not retroactively applicable. See Gomes, 2010 WL 3810872 at * 2; United States v. Glover, No. 09-1725 (2nd Cir. Oct. 27, 2010), (unpublished opinion), 2010 WL 4250060 at * 2; United States v. Bell, No. 09-3908, ___ F.3d ___, ___ (7th Cir. Oct. 20, 2010), 2010 WL 4103700 at *10-11. See also United States v. Wagnoner, Crim. No. 88-93(3) (PAM), (D.Minn. Oct. 28, 2010) (Magnuson, J.), 2010 WL 4363429 at *1 ("[a]s the Eighth Circuit recently noted, because the Fair Sentencing Act contains no express language that it is retroactive, 'the statutory minimum existing at the time the offense was committed governs'") (quoting Brown, supra, and citing Carradine).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be summarily **DISMISSED WITH PREJUDICE**.

Dated: November 10, 2010

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 29, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.